[Cite as *State v. Chuppa*, 2022-Ohio-4461.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

LINDA CHUPPA,

        Defendant-Appellant.

CASE NO. 2022-A-0044

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 00473

---

### O P I N I O N

Decided: December 7, 2022
Judgment: Affirmed

---

*Colleen M. O'Toole,* Ashtabula County Prosecutor, and *Jessica Fross,* Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Eric D. Hall,* P.O. Box 232, Medina, OH 44258 (For Defendant-Appellant).

FREDERICK D. NELSON, J., Ret., Tenth Appellate District, sitting by assignment.

{¶1} Defendant-Appellant, Linda Chuppa, appeals from the nine-month sentence of incarceration imposed by the Ashtabula County Court of Common Pleas after her conviction for the third-degree felony of aggravated possession of drugs. She does not argue that her sentence was contrary to law, nor more specifically does she contest the order that (despite the statutory presumption of prison) she serve that time in the local jail. (The state doesn't quarrel with those points either. *But compare* R.C. 2929.34(B)(2), which with its cross-reference to R.C. 5120.161 does not appear to include third-degree felonies as among those for which prison time might potentially be served in local jail.)

Rather, she contends only that the factual record in the case fails to support the findings that the trial court made in justifying a term of nine-months' duration. Because that particular proposition is without merit, and with Ms. Chuppa's term of confinement about to expire, we will affirm the judgment of the trial court.

{¶2} The trial court, after a bench trial, found Ms. Chuppa guilty of violating R.C. 2925.11(A) in combination with R.C. 2925.11(C)(1)(b) as a third-degree felony given her possession of methamphetamine in bulk amount. "[T]here is a presumption for a prison term for [that] offense," R.C. 2925.11(C)(1)(b), and the potential range for such incarceration runs between specified periods of time ranging from nine to thirty-six months. R.C. 2929.14(A)(3)(b).

{¶3} At the sentencing hearing, the trial court noted that it had reviewed the pre-sentence investigation report for Ms. Chuppa, *see* April 26, 2022 Tr. at 5, and heard defense counsel's arguments that after having displayed what the report indicated was (in defense counsel's words) "a poor attitude and behavior that wouldn't be in accordance with probation," Ms. Chuppa "finally opened up to the daily methamphetamine use," *id.* at 7; the defense requested community control with credit for jail time served. *Id.* at 8. *See also id.* at 9 (defense counsel acknowledged that Ms. Chuppa had "squandered" an opportunity for treatment in lieu of conviction, and urged that "she's thinking more clearly now because she hasn't been able to use [methamphetamines] while in jail").

{¶4} The trial court observed without contradiction that "[t]o say that [Ms.Chuppa] has been uncooperative and/or has failed to accept responsibility for her conduct would be an understatement." *Id.* at 11. The presentence investigation report reflected Ms. Chuppa's bad attitude, the trial court found, including her unwillingness to submit to drug

2

screens while supervised and her "refusals to otherwise cooperate." *Id.* at 11-12. The drug issue was serious: She had been found in possession of "ten different substances containing methamphetamine" when she was arrested. *Id.* at 12. Unfortunately, the probation department did not "feel there's anything they can offer her"; it found her not amenable to supervision and recommended straight incarceration "because she has demonstrated such a complete unwillingness to cooperate, receive the help that's been made available to her, and to in any manner accept responsibility." *Id.* at 13, 12.

{¶5} The trial court agreed with the probation department's assessment. Having considered the record and the purposes of felony sentencing while using the minimum sanctions to accomplish those purposes without imposing undue governmental burdens, the trial court said, *id.* at 13, it was tempted to impose the maximum, 36-month prison sentence and declined to do so only because Ms. Chuppa had a "limited criminal history." *Id.* at 14. The trial court sentenced her to nine months in jail despite the "limited programming available there." *Id.* The trial court did not explain why local jail rather than state prison was the appropriate place for incarceration.

{¶6} In its May 2, 2022 Judgment Entry of Sentence, the trial court recorded that it had considered "the purposes and principles of sentencing under RC 2929.11, [and] the seriousness and recidivism factors * * * pursuant to RC 2929.12." That entry recited that Ms. Chuppa "is not amenable to an available combination of community control sanctions because of [her] poor attitude; [she] was uncooperative with Adult Probation to obtain a presentence investigation; [she] failed to appear for a prior sentencing hearing [in this matter]." The entry further specified "that a jail sentence is consistent with the purposes and principles of sentencing under RC 2929.11 because a jail sentence is commensurate

3

with the seriousness of the offender's conduct * * * * [,]js reasonably necessary to deter the offender in order to protect the public from future crime, and * * * would not place an unnecessary burden on governmental resources." The entry granted Ms. Chuppa credit for 31-days time served against her nine-month sentence to the Astabula County Jail. *Id.*

{¶7} On appeal, Ms. Chuppa advances a single assignment of error: "The trial court erred when it sentenced appellant to nine months incarceration when clearly and convincingly the record fai[l]ed to support its findings." Appellant's brief at 3. Her entire argument in support of that assignment is found in two sentences: "Although Appellant's offense was serious, nothing in the record demonstrates that Appellant would commit similar offenses after being released from incarceration. The record in this case clearly fails to support the trial court's decision to impose a nine month sentence of incarceration." *Id.* The state responds, urging that we affirm the trial court's judgment. Appellee's Brief at 5.

{¶8} We read Ms. Chuppa's argument, with its reference to what she sees as a dearth of evidence regarding a potential for recidivism, to be that the record does not support the trial court's recidivism finding under R.C. 2929.12. *Compare* R.C. 2929.12(D) and (E) (specifying recidivism factors). But the Supreme Court of Ohio has been clear that a court of appeals is without statutory warrant "to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 242, ¶ 39.

{¶9} "Although a court imposing a felony sentence must consider the purposes of felony sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, 'neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual

4

findings on the record.'" *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, ¶20, quoting *Jones*, at ¶20.  Here, Ms. Chuppa does not argue that the trial court failed to consider the required sentencing factors or to state its findings on the record:  She urges only that the trial court lacked sufficient facts of record to reach the conclusions it did "to impose a nine month sentence of incarceration."  Appellant's brief at 3.  Even were we inclined to agree, it would not be our province here to reweigh the facts and "substitute [our] judgment for that of the trial court regarding the appropriate sentence[] * * * under R.C. 2929.11 and 2929.12."  *Jones* at ¶41; *see also id.* at ¶32 (explaining that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)").  Yet that is all that Ms. Chuppa asks us to do.

{¶10}  Ms. Chuppa does not elect to argue that the findings the trial court made do not support the sentence it imposed or that the sentence itself was contrary to law.  Under these circumstances, we overrule Ms. Chuppa's lone and very limited assignment of error.  We therefore affirm the judgment of the Ashtabula County Court of Common Pleas.


JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

5

Case No. 2022-A-0044